## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| APPVION OPERATIONS, INC. AND DOMTAR CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 21-cv-00634 |

## COMPLAINT

Plaintiffs Appvion Operations, Inc. ("Appvion") and Domtar Corporation ("Domtar") bring this action to contest the final determination of the antidumping investigation issued by the International Trade Administration, United States Department of Commerce (the "Department"), entitled *Thermal Paper From Germany: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part,* 86 Fed. Reg. 54152 (Dep't Commerce September 30, 2021) (the "Contested Determination"). By and through counsel, Plaintiffs allege the following:

### JURISDICTION

1. Plaintiffs bring this action pursuant to section 516A(a)(2)(A)(i)(II) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), to review certain aspects of the Contested Determination, which was issued pursuant to 19 U.S.C. § 1673d and is described in section 516A(a)(2)(B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(B)(i).

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING OF PLAINTIFFS

3. Plaintiffs are U.S. producers of the domestic like product under 19 U.S.C. § 1677(10) and are "interested parties" under 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C). Plaintiffs were the petitioners in the antidumping duty investigation that gave rise to the Contested Determination. Plaintiffs, therefore, are interested parties who were party to the proceeding in connection with the Contested Determination within the meaning of 19 U.S.C. § 1516a(a)(2)(A).

4. Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. The Department published the Contested Determination in the Federal Register on September 30, 2021. *Thermal Paper From Germany: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part,* 86 Fed. Reg. 54152 (Dep't Commerce September 30, 2021).

6. On November 22, 2021, the Department published an antidumping order based upon the Contested Determination. *Thermal Paper From Germany, Japan, the Republic of Korea, and Spain: Antidumping Duty Orders,* 86 Fed. Reg. 66284 (Dep't Commerce Nov. 22, 2021).

7. On December 22, 2021, Plaintiffs initiated this action in accordance with sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i), by the filing of a summons within 30 days after publication in the Federal Register of the antidumping order based upon the Contested Determination.

8. Plaintiffs file this Complaint within the time specified in section 516A(a)(2)(A) of the Act, 19 U.S.C. § 1516a(a)(2)(A), and 28 U.S.C. § 2636(c), which is within 30 days of the filing of the Summons.

## FACTUAL BACKGROUND

9. The Department initiated this antidumping investigation on November 3, 2020. *Thermal Paper From Germany, Japan, the Republic of Korea, and Spain: Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 69580 (Dep't Commerce November 3, 2020). The Department selected Papierfabrik August Koehler SE ("Koehler") as a mandatory respondent. *Thermal Paper From Germany: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances in Part, Postponement of Final Determination, and Extension of Provisional Measures*, 86 Fed. Reg. 26001 (Dep't Commerce May 12, 2021).

10. In its final determination, the Department made an affirmative finding of dumping with respect to Koehler. *Thermal Paper From Germany: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part,* 86 Fed. Reg. 54152 (Dep't Commerce September 30, 2021).

11. In this action, Plaintiffs contest certain aspects of the antidumping margin calculations with respect to Koehler.

## STATEMENT OF THE ISSUES

12. In the following respects and for other reasons apparent from the record of the proceeding, the Contested Determination is unsupported by substantial evidence on the record or is otherwise not in accordance with law. *See* U.S.C. § 1516a(b)(1)(B)(i).

## COUNT I
## CODING OF PRODUCT CHARACTERISTICS

13.     Paragraphs 1 through 12, above, are realleged and reincorporated herein.

14.     The Department's model match used to define control numbers ("CONNUMs") includes physical characteristics for static sensitivity ("SSENSIT") and dynamic sensitivity ("DSENSIT").  In its response, Koehler erroneously reported that two products, *i.e.*, what are referred to in the Contested Determination as Product A (which contained bisphenol) and Product B (which was phenol-free), had different SSENSIT and DSENSIT characteristics.  The administrative record, however, demonstrated that both products had the same sensitivity characteristics and should have been coded within the same CONNUM.  In particular, the SSENSIT and DSENSIT characteristics for Product B should have been recoded so that they matched those reported for Product A.

15.     Although Commerce correctly recoded the SSENSIT characteristic for Product B, it failed to recode the DSENSIT characteristic for Product B, meaning that the two products remained within separate CONNUMs in the model match.  In particular, Commerce found that the dynamic sensitivity for Product B had been properly reported by Koehler.  *See Issues & Decision Memorandum for the Final Determination* (Sep. 24, 2021) at Comment 3.  This aspect of the Contested Determination is unsupported by substantial evidence on the record and is otherwise not in accordance with law.  The record shows that Koehler misreported DSENSIT for Product B, and Commerce should have recoded that characteristic so that it matched the dynamic sensitivity reported for Product A.

## COUNT II
## APPLICATION OF PARTIAL ADVERSE FACTS AVAILABLE

16. Paragraphs 1 through 15, above, are realleged and reincorporated herein.

17. For certain other products, Koehler failed adequately to measure static sensitivity so as to accurately report the SSENSIT characteristic. Moreover, Koehler failed to cooperate by not acting to the best of its ability to provide information required to report the correct SSENSIT characteristic for those products. In particular, for certain products, Koehler failed to conduct testing at sufficiently high temperatures to determine the appropriate SSENSIT value, and Koehler failed to disclose shortcomings in its testing procedures to Commerce on a timely basis.

18. Commerce erroneously found that Koehler properly reported SSENSIT for these products based on testing conducted in the normal course of business. *See Issues & Decision Memorandum for the Final Determination* (Sep. 24, 2021) at Comment 4. This aspect of the Contested Determination is unsupported by substantial evidence on the record and is otherwise not in accordance with law. The record shows that (1) certain of Koehler's testing was not performed in the normal course of business and was inadequate to report properly static sensitivity, and (2) Koehler failed timely to disclose such inadequacies. Commerce should have found that information needed to report SSENSIT was missing from the record, and because Koehler failed to cooperate by not acting to the best of its ability to report the information, Commerce should have employed partial adverse facts available to fill those gaps in the record. Commerce's failure to do so is unsupported by substantial evidence on the record and is otherwise not in accordance with law.

## COUNT III
## HOME MARKET POST-SALE PRICE ADJUSTMENTS

19. Paragraphs 1 through 18, above, are realleged and reincorporated herein.

20. For certain home market sales, Koehler made post-sale price adjustments (reported in the "REBATE2H" field) for which the terms and conditions were not established or known to the customer at the time of sale.  Commerce's established practice is to disallow such post-sale price adjustments.  Commerce erroneously accepted Koehler's REBATE2H adjustments, however, because it found that they were "not uncommon for Koehler" and were "appropriate" based on the "timing" and "limited number" of the rebates.  *See Issues & Decision Memorandum for the Final Determination* (Sep. 24, 2021) at Comment 6.  This aspect of the Contested Determination is unsupported by substantial evidence.  Moreover, Commerce's acceptance of Koehler's rebates was not in accordance with law, because it departs, without explanation, from established practice of disallowing such adjustments under similar circumstances.  Commerce should have disallowed the REBATE2H adjustment pursuant to 19 C.F.R.§ 351.401(c) and its established practice.

## COUNT IV
## INTEREST ON UNPAID ANTIDUMPING DUTIES

21. Paragraphs 1 through 20, above, are realleged and reincorporated herein.

22. Prior to the investigation giving rise to the Contested Determination, thermal paper from Germany had been subject to a 2008 antidumping duty order that was ultimately revoked in 2015.  *See Lightweight Thermal Paper From the People's Republic of China and Germany: Continuation of the Antidumping and Countervailing Duty Orders on the People's Republic of China, Revocation of the Antidumping Duty Order on Germany*, 80 Fed. Reg. 5083 (Dep't Commerce January 30, 2015).

23. Koehler has refused to pay antidumping duties owed on entries that were subject to that prior antidumping duty order. Moreover, interest continued to accrue on such liabilities during the instant period of this investigation, but Koehler failed to show that it recognized such expenses or accounted for them in its questionnaire responses. In the final determination, Commerce made an adjustment by which it increased Koehler's financial interest expense ratio, *i.e.*, a component of the cost of production ("COP"), to capture the missing expenses. *See Issues & Decision Memorandum for the Final Determination* (Sep. 24, 2021) at Comment 5. The adjustment, however, should have been made as a reduction to constructed export price ("CEP") rather than as an increase to COP, because the expenses were associated with commercial activities in the United States. Commerce's failure to reduce CEP by the amount of interest accruing on antidumping duties is unsupported by substantial evidence on the record and is otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

24. Paragraphs 1 - 23 are incorporated herein by reference.

25. For the reasons stated in this Complaint, Plaintiffs respectfully request that the Court:

    (a)    enter judgment in their favor;

    (b)    declare that, with respect to the issues raised in this Complaint, the Contested Determination is unsupported by substantial evidence on the record and is otherwise not in accordance with law;

    (c)    remand the matter to the Department for redetermination consistent with the Court's opinion; and

   (d)  provide such other relief as the Court deems just and proper.

              Respectfully submitted,

January 21, 2022       */s/ Stephen J. Orava*
   Date           Stephen J. Orava
               SOrava@KSLAW.com

               Daniel L. Schneiderman
               DSchneiderman@KSLAW.com

               King & Spalding LLP
               1700 Pennsylvania Avenue, NW
               Washington, DC  20006-4706
               (202) 737-0500

               Counsel for Plaintiffs

**CERTIFICATION OF SERVICE**

*Appvion Operations, Inc., and Domtar Corporation v. United States*
Court No. 21-cv-00634

    This is to certify that on January 21, 2021 I have caused a copy of the foregoing **COMPLAINT** to be served upon the following parties via certified mail, return receipt requested, at the following addresses:

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch- Civil Division
**U.S. Department of Justice**
26 Federal Plaza
Room 346
New York, NY 10278-0140

Catharine M. Parnell
Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Leslie Kiernan
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, N.W.
Room 5875
Washington, DC 20230

William Mitchell Purdy
Office of the Chief Counsel for Trade Enforcement & Compliance
**U.S. Department of Commerce**
1401 Constitution Avenue, NW.
Washington, DC 20230-0001

Amanda DeBusk, Esq.
**Dechert LLP**
1900 K Street NW
Washington, DC 20006

Eric Emerson, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Mark B. Lehnardt, Esq.
**Baker & Hostetler LLP**
1050 Connecticut Ave., NW
Suite 1100
Washington, DC 20036-5304

Donald B. Cameron, Esq.
**Morris, Manning & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

Sibylle Zitko
**European Union**
2175 K Street, NW
Washington, DC 20037

Katrin van Dyken
**German Government**
Embassy of the Federal Republic of Germany
4645 Reservoir Rd
Washington, DC 20007

Kristin H. Mowry
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

*/s/ Stephen J. Orava*
Stephen J. Orava
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500